Danny **GIBBS**, Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1–584A131.

Court of Appeals of Indiana,
First District.

Nov. 26, 1984.

Terry O'Maley, Public Defender, Richmond, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Danny Gibbs (Gibbs) was found guilty by a jury of the crime of burglary,[1] a class C felony, and sentenced to five years imprisonment. We affirm.

## FACTS

On March 12, 1982, Gibbs and two others burglarized the American Legion hall located in Cambridge City, Indiana. Gibbs acted as a lookout while his two accomplices twice entered the hall through a broken window. They removed a number of bottles of liquor, some promotional cigarette lighters, a necklace and some change. On March 26, 1982, Gibbs was arrested and charged with the burglary.

Gibbs filed a Notice of Alibi Defense on August 11, 1982. His notice stated that he was visiting his parent's home at the time the burglary was alleged to have occurred. The state filed no response even though the notice requested one. At trial, Gibbs moved, based on the state's failure to respond to his notice, to exclude any evidence which tended to show he was not at his parents home during the burglary. The trial court, however, overruled his motions and permitted the state to introduce evidence consistent with allegations contained in the charging papers. This, Gibbs contends, was reversible error.

During the trial Gibbs' two accomplices testified for the state. One of those accomplices testified in return for a promise of leniency. At the conclusion of his case, Gibbs tendered an instruction which would have asked the jury to give special scrutiny to the testimony of his two accomplices. The trial court refused the instruction. Gibbs argues that this too was reversible error.

## ISSUES

1. Whether the trial court committed reversible error when it admitted the state's evidence concerning the date and place of the burglary after the state had failed to respond to Gibbs' Notice of Alibi Defense.

2. Whether the trial court committed reversible error by refusing Gibbs' tendered instruction which singled out his accomplices' testimony for closer scrutiny by the jury.

## DISCUSSION AND DECISION

*Issue One*

Gibbs argues initially that the trial court should have excluded all the state's evidence which was at variance with his Notice of Alibi Defense. Under our prior statute, if the defendant filed a Notice of Alibi Defense requiring the prosecutor to respond, failure of the prosecutor to respond resulted in the exclusion of evidence offered by the prosecutor to show that the defendant was in a place other than the place stated in the notice at a time other than that stated in the notice. Indiana Code section 35-5-1-3 (Burns 1979). That provision was, however, repealed effective September 1, 1982. Under the new alibi defense statute, when the prosecutor fails

1. Indiana Code section 35-43-2-1 (Burns Supp. 1984).

to respond to a defendant's notice, the trial court must exclude evidence offered by the state which varies from the date and place of the crime as *alleged in the indictment or information.* Indiana Code section 35–36–4–3 (Burns Supp.1984). This provision became effective September 1, 1982. Gibbs filed his Notice of Alibi Defense on August 11, 1982. The terms of the old provision required the state to respond prior to September 1, 1982. The state failed to do so. Thus, even though the trial did not commence until December, 1983, Gibbs argues that the provisions of our prior statute should have been applied by the trial court to exclude any of the state's evidence which varied from his Notice of Alibi Defense. We disagree.

▮ The provisions of Indiana Code section 35–36–4–3 (Burns Supp.1984), apply to this case. These statutory provisions govern the manner in which a defendant choosing to employ an alibi defense may do so. Thus, they are merely procedural in nature.[2] Whenever a change is made in a procedural statute or rule during the pendency of an action, we will apply the statute or rule in force at the occurrence of the particular event which the statute or rule is intended to regulate. *Finney v. State,* (1979) 179 Ind.App. 316, 321, 385 N.E.2d 477, 481; *see also Gadacz v. State,* (1981) Ind., 426 N.E.2d 376, 379; *State ex rel. Dorton v. Circuit Court of Elkhart County,* (1980) 274 Ind. 373, 412 N.E.2d 72, 74. The particular event these alibi defense provisions are intended to regulate is the admission of evidence at trial. Consequently, the statute or rule in force at the time of the trial will control. The trial court, therefore, did not commit error by allowing the state to introduce evidence which was consistent with the place and date alleged in the information.

*Issue Two*

Gibbs next contends that the trial court erred when it refused to give Defendant's Proposed Instruction No. 1. That instruction stated:

### "INSTRUCTION ON ACCOMPLICE TESTIMONY

An accomplice is one who, with criminal intent, acts with others and participates in the commission of a crime. Under the laws of the State of Indiana, an accomplice is competent as a witness for the State in the trial of a criminal case. The evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness.

An accomplice who turns State's evidence and agrees to cooperate with the State in consideration of leniency or the dismissal of charges by the State, to be realistic, is being bribed, regardless of the fact that public policy has approved such action in the interest of effective law enforcement. It does not necessarily follow that because of the inducements offered to the accomplice, his testimony is false. It is, however, highly suspect. Because of the pressure of such undue influence upon the witness in such cases, the jury should have the evidence relating thereto. Such type of influence naturally impairs the credibility of such a witness.

In this State, a Defendant may be found guilty solely on the evidence of a confessed accomplice. Because human nature would tend to cause accomplices to unload against their partners in their desire to clear themselves as much as possible of blame for a crime, such testimony should be closely scrutinized by the jury or fact-finder. Such fact-finding bodies should have before it all the relevant circumstances that caused or induced such witness to testify, including rewards for sucy testimony, if any."

Record at 137–38.

▮ Based on *Richey v. State,* (1981) Ind., 426 N.E.2d 389, and *Newman v.*

---

**2.** Statutory changes which are substantive in nature must be dealt with in accordance with the principles of the ex post facto clause of the federal constitution. U.S. Const. art. I, § 10, cl. 1.

*State,* (1975) 263 Ind. 569, 334 N.E.2d 684, Gibbs argues that this was a correct statement of the law. We note, however, that a trial court is not obligated to read a certain instruction merely because it is a correct statement of the law. *Drollinger v. State,* (1980) 274 Ind. 5, 408 N.E.2d 1228, 1241; *Joy v. State,* (1984) Ind.App., 460 N.E.2d 551, 564.

 The Defendant's Proposed Instruction No. 1 improperly singled the testimony of Gibbs' accomplices for closer scrutiny. An instruction "concerning the credibility of witnesses must be general in nature and should not single out any particular witness for closer scrutiny." *Joy,* at 565. *See also Garacz,* at 379; *Morgan v. State,* (1981) Ind., 419 N.E.2d 964, 969; *Drollinger,* 408 N.E.2d at 1241; *Morris v. State,* (1977) 266 Ind. 473, 478, 364 N.E.2d 132, 136, *cert. denied* 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462. Therefore, the trial court properly refused Gibbs' tendered instruction in favor of a more general one.

Finding no error, we affirm the judgment of the trial court.

NEAL, P.J., and ROBERTSON, J., concur.