**William Joseph HARP, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 88A01–8706–CR–137.

Court of Appeals of Indiana, First District.

Jan. 28, 1988.

Douglas C. Leatherbury, Salem, Theresa J. Shook, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, William Joseph Harp (Harp), appeals his conviction by the Washington Circuit Court of child molesting, a Class C felony under IND. CODE 35-42-4-3(b).

We affirm.

## STATEMENT OF THE FACTS

On May 2, 1985, an Information was filed in the Washington Circuit Court charging Harp with child molesting. The Information alleged that Harp had molested J.S., a three-year-old girl, on or about October 1, 1984. On May 20, 1986, Harp filed a notice to take the deposition of J.S. for discovery purposes. On May 27 the State filed a petition, pursuant to IND. CODE 35-37-4-6 and IND. CODE 35-37-4-8, for preservation of testimony by videotape. In the petition, the State requested the trial court to issue an order authorizing the preservation of the testimony of J.S. by videotape, and informed Harp that it was the State's intent to introduce the videotape into evidence at his trial. Thereafter, on May 29, the State filed its notice to take J.S.'s deposition. Sometime prior to his trial, Harp agreed with the State to videotape the deposition and to its admissibility at trial. The deposition was taken on May 31 in substantial compliance with IND. CODE 35-37-4-8, although such statute was not effective until September 1, 1986. In addition to J.S. and the prosecutor, the following persons attended the deposition: J.S.'s mother, a court reporter, a caseworker and psychologist from a mental health center, an individual to operate the video equipment, and counsel for Harp. Harp was not physically present during the deposition. However, a monitor set up in an adjoining room permitted him to simultaneously observe the deposition as it transpired. Both the prosecutor and Harp's counsel questioned J.S.

On June 11, the morning of his jury trial, Harp filed an objection to the introduction of the videotape. During a hearing outside the presence of the jury, Harp affirmed that he agreed to the manner in which the deposition was taken and that it would be admissible at his trial. He explained, however, that he was registering an objection to the videotape in order to preserve his right to raise the constitutionality of IND. CODE 35-37-4-6 on confrontation clause grounds. The trial court subsequently overruled the motion. When the videotape was offered into evidence Harp registered no objection other than that which he had already placed into the record. Thereafter, the videotape was viewed by the jury.

Prior to trial Harp also filed a motion in limine to prevent the State from introducing evidence of prior sexual misconduct. Harp allegedly molested his two daughters and another young girl while each was between three and 14 years old. Harp had never been charged or tried in connection with any of the molestations, and they had occurred at least 10 years prior to the crime for which he was currently being tried. The trial court granted the motion in limine, subject to a separate hearing to be held to determine the admissibility of such testimony when it was introduced. The trial court later permitted each of them to testify that they had been previously molested by Harp during childhood. At the conclusion of his trial, the jury was instructed that they were to consider the evidence of the prior molestations only as it related to the issue of intent. On June 13 the jury returned its verdict, finding Harp guilty as charged. He was sentenced to an

eight-year term of imprisonment. He has subsequently instituted this appeal.

## STATEMENT OF THE ISSUES

On appeal Harp claims the trial court erred in:

I. Admitting the videotaped deposition of J.S.; and

II. Permitting testimony regarding prior acts of sexual misconduct.

## DISCUSSION AND DECISION

Harp's first argument on appeal is that the trial court erred in admitting the videotaped depsition of J.S. He claims that he was denied his right to confrontation in violation of the sixth amendment because the trial court did not comply with the requirements set forth in IND. CODE 35–37–4–6. This statute provides for the admission of videotaped statements of sex abuse victims under the age of 10 years. However, before the videotaped statement may be admitted into evidence, IND. CODE 35–37–4–6(c) provides that the trial court must find, in a hearing attended by the child, that the videotaped statement provides sufficient indications of reliability. Further, the child must testify at trial or be determined to be unavailable as a witness. Harp contends he was denied his right to confrontation because the trial court failed to find that the videotape provided sufficient indications of reliability, failed to have the child present at the hearing on the issue of reliability, and failed to find the child unavailable to testify at trial.

■ Harp argues that the trial court did not comply with IND. CODE 35–37–4–6. However, he has not properly preserved this error for appeal. In order to preserve errors for appeal a proper objection must be raised at trial. *Tyler v. State* (1968), 250 Ind. 419, 236 N.E.2d 815. An appellant may not state one reason for objecting at trial and then rely upon a different objection on appeal. Failure to object at trial for the same reasons asserted on appeal constitutes a waiver of the alleged error. *Id.* At trial Harp objected to the videotape in order to preserve his ability to challenge the constitutionality of the statute on ap-

peal. At the hearing on his motion objecting to the introduction of the videotape, Harp acknowledged that he agreed to the manner by which the deposition would be videotaped and to its admissibility at his trial. In fact, at the hearing Harp withdrew all other grounds for objecting to the videotape. He did not raise any additional grounds, reasserting the same objection he had previously placed in the record when the videotape was introduced at trial. Harp never objected to the introduction of the videotape because the trial court had not complied with IND. CODE 35–37–4–6. He made no objection on the ground which he now asserts and relies upon. His objection, therefore, was inadequate to preserve any alleged error for appeal.

■ Although Harp did not present an argument challenging the constitutionality of the IND. CODE 35–37–4–6, we note that our supreme court has recently addressed this issue. In *Miller v. State* (1987), Ind., 517 N.E.2d 64, the supreme court held that the statute was constitutional and was not a deprivation of the right to confrontation. However, the court also held that a statement videotaped under the statute must be accompanied by an opportunity to cross-examine in order to be admissible. The supreme court stated that the rule requiring an opportunity to cross-examine is satisfied where the defendant has been given notice and an opportunity to appear at the videotaping of the deposition. In *Miller*, neither the defendant nor his counsel was notified of or given the opportunity to attend the videotaping. Furthermore, the trial court did not offer the defendant the opportunity to cross-examine the victim at the hearing to determine the admissibility of the videotape. Therefore, the supreme court determined that Miller had never affirmatively been given the opportunity for cross-examination. Unlike *Miller*, however, Harp was notified that the deposition was going to be videotaped, and his counsel attended and cross-examined J.S. Harp had the opportunity for cross-examination. Accordingly, the videotaped deposition was admissible at his trial.

Harp also maintains that the trial court erred in permitting testimony regarding prior acts of sexual misconduct. The trial court permitted Harp's two daughters and another woman to testify that they had each been previously molested by Harp during childhood. The prior molestations about which they testified transpired at least 10 and up to 20 years prior to his trial. Harp points out that, generally, evidence of independent and distinct crimes is inadmissible except where relevant to show intent, motive, purpose, identification, and common scheme or plan. *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088. However, under the depraved sexual instinct exception to the general rule, evidence regarding other similar sex offenses is admissible in actions involving abnormal sexual behavior. *Lamar v. State* (1964), 245 Ind. 104, 195 N.E.2d 98. Harp claims, however, that it was error to permit the testimony about the uncharged sexual misconduct because the acts were too remote in time to be relevant evidence showing Harp's depraved sexual instinct. It has long been recognized in Indiana that the mere passage of time does not affect the admissibility of prior similar misconduct; rather, it goes to the weight to be given to that evidence. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097. In *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, our supreme court held that evidence of a 22-year-old conviction was properly admitted in a child molesting prosecution as evidence of the defendant's depraved sexual instinct. The fact that the prior molestations occurred at least 10 years prior to the current trial did not render the testimony regarding the prior molestations inadmissible. The trial court did not err in permitting the admission of this evidence.

Accordingly, for the above reasons, the judgment is affirmed.

Judgment affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.