**Russell A. McNEELY,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 74A01–8802–CR–61.**

Court of Appeals of Indiana,
First District.

Nov. 3, 1988.

Jeffery L. Lantz, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Russell A. McNeely (McNeely), appeals his convictions by the Spencer Circuit Court of two counts of child molesting, both Class C felonies under IND.CODE 35-42-4-3.

We affirm.

## STATEMENT OF THE FACTS

On September 19, 1986, an Information was filed in the Spencer Circuit Court charging McNeely with two counts of child molesting. Count I of the Information alleged McNeely had engaged in sexual intercourse with B.F., his 14 year old stepdaughter, on or about July 31, 1986. Count II alleged McNeely had intercourse with B.F. on or about August 14, 1986. Following a jury trial, McNeely was convicted and sentenced to eight years on each count to be served consecutively. He subsequently instituted this appeal.

## ISSUES

McNeely raises several issues for our review which we restate as follows:

I. Whether the trial court erred in its instructions to the jury regarding the alibi defense.

II. Whether the trial court erred in giving certain instructions containing the phrase "depraved sexual instinct."

III. Whether the trial court erred in refusing McNeely's tendered instruction regarding the use of prior similar crimes evidence.

IV. Whether the trial court erred in giving instructions regarding the presumption of innocence and the State's burden of proof.

V. Whether the trial court erred in denying McNeely's motion for a continuance.

VI. Whether the trial court erred in refusing to permit McNeely to cross-examine the victim regarding allegations of her prior drug use.

VII. Whether there is sufficient evidence to support the convictions.

VIII. Whether McNeely's sentence is manifestly unreasonable.

## DISCUSSION AND DECISION

### ISSUE I: *Alibi Instruction*

McNeely first contends the trial court erred in instructing the jury with regard to his alibi defense. The Information filed against McNeely alleged that the molestations occurred "on or about the 31 day of July, 1986," and "on or about the 14 day of August, 1986." *Record* at 27. Pursuant to IND.CODE 35–36–4–1 McNeely filed a notice of alibi defense indicating his whereabouts on an hourly basis throughout the days of July 31 and August 14. The State did not respond to the alibi notice.

McNeely claims the trial court erred in refusing to give his tendered Final Instructions Nos. 2 and 3, and giving the State's tendered Final Instruction No. 3 instead. With respect to the alibi defense, the jury was instructed as follows:

> The State of Indiana has charged the Defendant with commission of the offenses of child molesting and has stated the time of the offenses as follows: "On or about July 31, 1986" and "On or about August 14, 1986." The Defendant has filed the defense of alibi, in which the Defendant alleges that he was not at the place of the alleged offenses on July 31, 1986 and on August 14, 1986.
>
> The State of Indiana is not required to specify the exact date or the exact time of day of the offenses if the evidence available to the State does not permit such a statement of specific time or specific date. If you find that the evidence available to the State of Indiana does not permit the State to specify the exact date or the exact time, and if you find beyond a reasonable doubt that the Defendant committed the offense or the offenses within reasonable proximity to the date or dates alleged, then the State has met its burden of proof on the issue of the time of the offenses.

*Record* at 889. McNeely emphasizes that the State did not respond to his notice of alibi and argues that it was reversible error to instruct the jury that "[t]he State of Indiana is not required to specify the exact date or exact time of day of the offenses if the evidence available to the State does not permit such a statement of specific time or specific date." In support of his argument he cites *Jennings v. State* (1987), Ind., 514 N.E.2d 836.

In *Jennings* the defendant charged with burglary and theft filed a notice of alibi defense. The State responded, specifying an exact date upon which the alleged offenses occurred. At the conclusion of trial the trial court instructed the jury that "the State is not required to prove that [the offense] was committed on that particular date." On appeal, our supreme court held that it was reversible error to inform the jury that the State was not limited to proving that the crime alleged was committed on the date specified in the State's response to the notice of alibi. *Id.* at 837.

*Jennings* is readily distinguishable from the case at bar, however. In that case the State responded to the notice of alibi with a statement specifying an exact date and time that the alleged offense was committed, thereby limiting its evidence and assuming a special evidentiary burden. Here, the State never responded to the notice of alibi or restricted itself to an exact date in the Information, nor was it required to.

■ The filing of an alibi defense does not impose a greater burden of proof on the State than would otherwise be required. *Merritt v. State* (1978), 267 Ind. 460, 371 N.E.2d 382. However, an alibi defense does make the time of an alleged offense of the essence. The effect of the State's answer to the notice of alibi is to restrict the State to proof of the date in the answer. *Webster v. State* (1981), Ind., 426 N.E.2d 1295. However, the State need not respond to the alibi notice if it intends to prove the time or place alleged in the charging instrument. *Gibbs v. State* (1984), Ind.App., 471 N.E.2d 20; IND. CODE 35–36–4–2(a). In the event the State does not respond to the notice, only evidence consistent with the date and time set forth in the indictment or information

may be introduced. *Id.;* IND.CODE 35–36–4–3(c). Moreover, the alibi statute requires that the State set forth the date of the offense charged only with such reasonable specificity as the circumstances of the case allow. *Clifford v. State* (1985), Ind., 474 N.E.2d 963; *Thurston v. State* (1985), Ind., 472 N.E.2d 198; *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, *cert. denied* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed. 2d 662.

In *Bruce* the defendant challenged the specificity of the time of the offense set forth in the State's response to his alibi notice, stating that the response should state the exact time as well as the exact date of the offense. Our supreme court responded:

> Hereafter, if the evidence available to the State permits, the prosecutor's statement must specify the time of day as well as the date; conversely, if the evidence does not permit exact determination of the time of the offense more exactly than a period of several days, the State is required only to respond that the offense occurred within such a period. *State v. Lizotte* (Me.1969) 249 A.2d 874.

268 Ind. at 207, 375 N.E.2d at 1058.

In *Thurston* the defendant was charged with child molesting. The State responded to his notice of alibi, but the defendant moved that it be stricken because it encompassed a two month period rather than indicating the specific date of the offense. On appeal, the supreme court determined that the date set forth in the State's response was adequate because the circumstances did not permit a more exact statement. The court stated:

> In the instant case, as in *Bruce,* the circumstances did not allow the narrowing of the time period beyond that stated in the State's amended response. The proof showed weekly meetings and repeated sexual aggressive acts between the victim and the defendant on Thursdays within a three-hour time span. The ten-year-old victim was unable to recall or relate a specific date when the activity proscribed by subsection (a) of the child molesting statute occurred. It would not

be practicable in a case like this to confine the State to a more specific time in its proof.

472 N.E.2d at 201.

Finally, in *Clifford* the defendant was charged with criminal deviate conduct with a 12 year old child. The Information alleged the offense occurred "on or about December 21, 1981." The State's response to the defendant's notice of alibi included an identical statement of the date. Citing *Bruce* and *Thurston,* the supreme court held the response was adequate because the circumstances did not permit a more specific statement of the offense than that given. 474 N.E.2d at 971.

■ Likewise, in the case at bar, the circumstances did not permit the State to set forth a specific determination of the date of the offense. B.F. testified she could not remember the exact dates McNeely molested her. She recalled, however, that the molestations occurred on two Thursdays in late July and early August, near the period she was attending vacation bible school classes at her church on August 4 through 8. Under these circumstances, the trial court properly instructed the jury that the State was not required to prove the exact date the offenses were committed.

**ISSUE II:** *Depraved Sexual Instinct Instruction*

McNeely contends the trial court also erred in giving two instructions containing the phrase "depraved sexual instinct." At trial, B.F., her younger sister D.B., and T.M., McNeely's stepdaughter by a prior marriage, each related testimony regarding prior sexual contacts with McNeely. With regard to this testimony, the trial court gave the jury two instructions, the phrase depraved sexual instinct appearing in the State's tendered instruction and being inserted into McNeely's tendered instruction. The State's instruction reads as follows:

> Evidence of other criminal offenses alleged to have been committed by the Defendant has been introduced. The Defendant is not on trial for anything that was done to any of these witnesses. You

may consider this evidence for what you may think it is worth, if anything, for the purpose of showing intent, motive, or *depraved sexual instinct* of the Defendant in doing the acts for which he is charged, if you find from the evidence that the Defendant did the acts charged. (Emphasis added.)

*Record* at 890. McNeely's instruction also reads as follows:

The Court instructs the jury that it is the law of this State that a Defendant may never be proven guilty of one offense by proving the commission of other crimes. Evidence has been introduced in the trial of this cause as to certain other similar offenses which the State claims to have been committed by the Defendant with the prosecuting witness and other female persons.

You are instructed that you are to bear in mind, ladies and gentlemen of the jury, that the offenses charged in the information herein are the sole and only crimes with which the Defendant is charged in this case, and in arriving at a verdict in this case you are in no wise to determine or consider the guilt or innocence of the Defendant with reference to any evidence of other similar offenses that have been offered in evidence in this cause by the State of Indiana.

The Court instructs you, ladies and gentlemen of the jury, that you are only permitted to consider the evidence with reference to any other similar offenses, if shown by the evidence, in the event you first find as a fact beyond every reasonable doubt from the other evidence given in the trial of this cause that the Defendant did (at the place and date as set forth in these instructions) (deleted by the trial court) commit the offenses as charged in either or both counts of the Information herein, then and only then are you permitted to consider the evidence with reference to other similar offenses if any, offered in evidence; and in the consideration of them, you are instructed that the evidence is to be weighed by you only for the purpose of determining the guilty intent, motive, or *depraved sexual instinct* (added by the

trial court) of the Defendant in the commission of the offense or offenses as charged in the two counts of Information in this cause, if you find he did commit the offenses as charged in either or both counts of the information beyond every reasonable doubt. (Emphasis added.)

*Record* at 901.

■ McNeely acknowledges that evidence of independent and distinct crimes is admissible where relevant to prove intent, motive, purpose, identification, common scheme or plan, or to demonstrate a depraved sexual instinct. *Clifford, supra; Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348; *Woods v. State* (1968), 250 Ind. 132, 235 N.E.2d 479. Moreover, under the depraved sexual instinct exception, evidence or prior similar sex offenses is admissible in prosecutions for child molesting. *Harp v. State* (1988), Ind.App., 518 N.E.2d 497; *Hatcher v. State* (1987), Ind. App., 510 N.E.2d 184. McNeely contends, however, that the trial court gave undue emphasis to the phrase and that it served only to inflame the passions of the jury.

■ The testimony of each of the witnesses regarding prior molestations by McNeely falls squarely within the depraved sexual instinct exception to the general rule. The inclusion of the phrase was warranted by the evidence, was a correct statement of the law, and was not covered by another instruction. The depraved sexual instinct rule is defeated if the jury is not informed of the purpose for which it may use the evidence. We are at a loss to know how the trial court could have otherwise adequately instructed the jury regarding this evidence. The phrase was mentioned only once in each instruction and was not unduly emphasized. The trial court did not err in including the phrase depraved sexual instinct in the instructions.

■ McNeely also argues the instructions were erroneous because they instructed the jury to consider the evidence of his depraved sexual instinct in determining whether he was guilty of the crimes charged. This contention is wholly without merit. An examination of the instructions

given establish that the trial court properly instructed the jury as to the purpose of evidence, informing it to consider the testimony of the prior molestations only as evidence of McNeely's depraved sexual instinct in committing the offenses for which he was charged. We find no error.

We are also constrained to observe that the claim that the use of the phrase depraved sexual instinct served to inflame the jury is, in the context of the charge and the evidence in the case, grossly exaggerated. Prior to reading the instructions which are given at the very end of the case, the jury heard evidence from three female children who had lived in the household, describing a pattern of sexual molestation on McNeely's behalf consisting of touching, fondling, caressing sexual organs, and sexual intercourse. At times force was involved and at other times implied intimidation. Persons experienced in the trial of law suits before juries will readily recognize that if the jury's passion was not inflamed by the evidence it had heard, the use of the descriptive appellation "depraved sexual instinct" would add nothing. Any potential error would thus be harmless.

ISSUE III: *Prior Similar Crimes Instruction*

McNeely next contends the trial court erred in refusing to give his tendered Instruction No. 10 in conjunction with the instructions given by the court containing the phrase depraved sexual instinct. McNeely's Instruction No. 10 reads as follows:

Evidence has been introduced that the Defendant was involved in offenses other than that charged in the Information. This evidence has been received solely on the issue of the Defendant's intent. This evidence is to be considered by you only for the limited purpose for which it is received.

*Record* at 902. McNeely incorporates by reference the argument set forth in Issue II and argues further that because this instruction did not contain the inflammatory phrase depraved sexual instinct, it

should have been given to the jury to reduce the prejudicial nature of the other above quoted instructions.

When reviewing a trial court's refusal to give a tendered instruction, this court considers whether there is evidence to support the giving of the instruction, and whether the substance of the instruction is covered by other instructions actually given. *Hodges v. State* (1988), Ind., 524 N.E.2d 774; *Smith v. State* (1984), Ind., 468 N.E.2d 512; *Richey v. State* (1981), Ind. 426 N.E.2d 389. Furthermore, it is not error to refuse an instruction which does not fully and accurately state the law and would tend to mislead or confuse the jury. *Hodges, supra; Harding v. State* (1984), Ind., 457 N.E.2d 1098, *cert. denied,* 475 U.S. 1024, 106 S.Ct. 1218, 89 L.Ed.2d 329

The trial court properly refused to give McNeely's tendered instruction for several reasons. The instruction improperly informed the jury that the evidence of the prior molestations could be considered only on the issue of determining McNeely's intent. As discussed above, the evidence could be considered not only on the issue of McNeely's intent, but could also be considered for the purpose of showing his depraved sexual instinct. Thus, this instruction was a misstatement of the law or at the very least, would tend to mislead and confuse the jury. Moreover, the substance of the instruction was covered by McNeely's tendered Instruction No. 9, modified by the trial court, and the State's tendered Instruction No. 4 which more fully and accurately advised the jury of the purposes for which the evidence of his prior molestations could be used. As discussed above, we know of no valid reason why these instructions should not have been given or why another instruction should be given in addition thereto. The trial court did not err in refusing McNeely's Instruction No. 10.

ISSUE IV: *Presumption of Innocence Instruction*

McNeely next argues the trial court erred in giving the State's tendered Instructions Nos. 1 and 5. He maintains the

instructions each contain language which is tantamount to a "duty to convict," mandating the jury to return a verdict for the State. The State's Instruction No. 1 reads as follows:

I submit this case to you with the confidence that you will faithfully discharge the grave duty resting upon you bearing in mind that the liberty of the accused is not to be trifled away nor taken by careless or inconsiderate judgment; but if after a careful consideration of the law and the evidence in the case you are satisfied beyond a reasonable doubt that the Defendant, Russell A. McNeely, is guilty, you should return your verdict accordingly. Duty demands it and the law requires it. You must be just to the Defendant and equally just to the State. As manly upright men and women charged with the responsible duty of assisting the Court in the administration of justice, you will put aside all sympathy and sentiment and look steadfastly and alone to the law and the evidence in the case and return into Court such a verdict as is warranted thereby.

*Record* at 887.

McNeely concedes this instruction has been approved by our supreme court on several occasions. *Rowan v. State* (1982), Ind., 431 N.E.2d 805; *Norton v. State* (1980), 273 Ind. 635, 408 N.E.2d 514; *Certain v. State* (1973), 261 Ind. 101, 300 N.E.2d 345. The State advises us that this instruction has also been approved in *Feggins v. State* (1977), 265 Ind. 674, 359 N.E.2d 517; *Fox v. State* (1980), Ind.App., 413 N.E.2d 665; *Seay v. State* (1976), 168 Ind.App. 252, 342 N.E.2d 879; and *Presley v. State* (1972), 152 Ind.App. 637, 284 N.E.2d 526. In each of these cases the giving of an identical instruction to that given in this case was upheld on appeal.

 McNeely argues, however, that the giving of the instruction should be rejected in the case at bar because this is a prosecution for child molesting. We know of no valid reason why this fact should have prevented the giving of the State's tendered Instruction No. 1. Nor does McNeely direct us to any authority which qualifies the propriety of the giving of this instruction in a child molesting prosecution. As has been consistently held, we find this instruction adequately required the jury to be fair to both the State and the defendant and to render a verdict in accord with the evidence and the law.

 McNeely also attacks the giving of the State's tendered Instruction No. 5. He claims the instruction imposes a duty to convict, misstates the law and misleads the jury by the phrase "if the evidence is so strong and conclusive as to overcome the presumption of innocence, you should convict," and contains too many subjects and legal principles. At trial, however, McNeely objected to the instruction on the basis that it misstated the law with regard to the State's burden of proof of incidental and subsidiary facts. The grounds of objection on appeal must be the same as those made at trial. *Fozzard v. State* (1988), Ind., 518 N.E.2d 789. Any grounds not raised at trial are not available on appeal. *Id.* McNeely's argument here regarding the State's tendered Instruction No. 5 is different from the objection made at trial. Consequently, he has waived consideration of this issue.

ISSUE V: *Continuance*

McNeely maintains the trial court erred in refusing to grant his motion for a continuance to allow him time to depose T.M. Ten days before trial was set to commence, the State submitted a supplementary witness list naming T.M., McNeely's stepdaughter by a prior marriage, with an address in Fort Walton Beach, Florida. The State informed McNeely that T.M. would testify McNeely had previously molested her. Five days before trial McNeely filed a motion for continuance because he had not been able to travel to Florida to depose T.M. The trial court set the matter for hearing for the morning of trial. During argument on the motion, counsel for McNeely acknowledged that he had spoken to T.M. by telephone several days before trial but still requested a continuance to depose her. The trial court denied the motion and trial commenced. McNeely re-

newed the motion when T.M. was called to testify. The trial court likewise denied this motion but did take a short recess in order to permit McNeely an opportunity to interview T.M. before she testified.

■ The granting or denial of a continuance is a matter within the trial court's discretion. *Plan–Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212. Denial of such motion may be reversed only for an abuse of discretion. *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23. An abuse of discretion may be demonstrated by showing that the defendant would be harmed by a denial of the requested continuance. *Dier v. State* (1982), Ind., 442 N.E.2d 1043. McNeely has failed to meet this burden.

In the case at bar, McNeely was informed of the addition of T.M. as a witness ten days before trial. Furthermore, he was advised about the subject and contents of her testimony. Finally, prior to trial, counsel for McNeely spoke to T.M. by telephone, and he was permitted time to interview her during a recess before she took the stand to testify at trial. Under these circumstances we are unable to say McNeely was harmed by the denial of the continuance. Moreover, McNeely fails to inform us why more time was necessary to depose T.M. The trial court did not abuse its discretion in refusing to grant the continuance.

### ISSUE VI: *Cross–Examination*

McNeely next claims the trial court erred in refusing to permit him to cross-examine B.F. about allegations she had previously used drugs and in refusing to admit into evidence a letter B.F. wrote to a teacher in which she admitted using drugs. McNeely contends he was entitled to impeach B.F.'s credibility in this manner. We disagree.

■ We first note that the specific acts of drug use by which McNeely attempted to impeach B.F.'s credibility had not been reduced to conviction. It is well established that a witness cannot be impeached by specific acts of misconduct which have not resulted in criminal convictions. *McKim v. State* (1985), Ind., 476 N.E.2d 503; *Randall v. State* (1983), Ind.,

455 N.E.2d 916. Furthermore, under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, only criminal convictions for infamous crimes or those involving false statements or dishonesty are admissible to impeach a witness's credibility. This includes the crimes of treason, murder, rape, arson, burglary, robbery, forgery, and perjury. *Id.* Evidence of all other criminal convictions is inadmissible and excluded for credibility and impeachment purposes. It has been held on several occasions that drug related offenses do not fall within the crimes listed as proper for impeachment purposes under *Ashton*. *Johnston v. State* (1988), Ind., 517 N.E.2d 397, *Dudley v. State* (1985), Ind., 480 N.E.2d 881; *Jones v. State* (1987), Ind.App., 512 N.E.2d 211. To the extent B.F.'s use of drugs was admissible, it was pertinent only insofar as it related to her ability to recall the events and the dates in question had she been using drugs at that time, during the trial, or to such a degree that her mind was impaired. *McKim, supra; Lusher v. State* (1979), 181 Ind.App. 63, 390 N.E.2d 702. McNeely made no showing whatsoever in this regard. Accordingly, the trial court properly refused to permit McNeely to cross-examine B.F. regarding her drug use or admit the letter reflecting such.

### ISSUE VII: *Insufficient Evidence*

■ McNeely claims the evidence is insufficient to support his convictions. Specifically, he maintains the evidence is insufficient because there is a conflict of testimony concerning the actual dates the offenses occurred. In essence, McNeely argues that the State failed to prove the exact date on which the offenses occurred.

■ As discussed in Issue I, the State was not required to prove the exact date the offenses were committed. It was required only to prove the date of the offenses with as much specificity as the circumstances allowed. Here, B.F. was unable to recall the specific date the molestations occurred. She testified the offenses were committed on two Thursdays in late July and early August, one week prior to and one week after attending bible school.

The evidence showed that B.F. attended bible school on August 4 through 8. On each occasion McNeely forced B.F. to have sexual intercourse with him. In reviewing a claim of insufficient evidence we neither reweigh the evidence nor assess the credibility of witnesses. We examine only evidence favoring the judgment, together with the reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Baker v. State* (1986), Ind., 491 N.E.2d 524; *Harris v. State* (1985), Ind., 480 N.E.2d 932. There was sufficient evidence to support the convictions.

## ISSUE VIII: *Sentencing*

McNeely finally contends his sentence is manifestly unreasonable. The trial court sentenced McNeely to eight years on each conviction, finding three years should be added to the presumptive five year sentences due to aggravating circumstances. Additionally, the trial court ordered the sentences to be served consecutively. McNeely maintains the imposition of enhanced and consecutive sentences was manifestly unreasonable because the trial court did not follow the sentencing guidelines.

The trial court has wide discretion in determining whether to enhance the presumptive sentence due to aggravating factors and whether imprisonment for multiple convictions shall be served concurrently or consecutively. *See* IND.CODE 35–38–1–7; IND.CODE 35–50–1–2. After considering the relevant facts and information, the trial court may enhance the basic sentence, impose consecutive sentences, or both. *Shippen v. State* (1985), Ind., 477 N.E.2d 903. However, if the trial court enhances the sentence or imposes consecutive sentences, IND.CODE 35–38–1–3 requires the trial court to include a statement indicating the reasons for selecting the sentence it renders. The statement of reasons must contain three elements: (1) identification of all significant mitigating and aggravating circumstances found; (2) specific facts and reasons which lead the court to find the existence of each circumstance; and (3) articulation demonstrating that the mitigating and aggravating circumstances have been balanced in determining the sentence. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250. A finding of mitigating circumstances is discretionary. *McMichael v. State* (1984), Ind.App., 471 N.E.2d 726. However, failure to find mitigating circumstances when they are supported by the record may give rise to the belief that they were overlooked or not properly considered. *Townsend v. State* (1986), Ind., 498 N.E.2d 1198.

In rendering sentence, the trial court made the following statement:

The court finds that the following aggravating circumstances are present in the case. First, that the Defendant has a criminal history included in the criminal activity or convictions for child stealing, disorderly conduct, mischief and battery.

Secondly, the Defendant is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility. Particularly, the Court is interested with rehabilitative treatment. The evidence indicated, in addition to two acts of sexual intercourse with [B.F.], that there were incidents of fondling two other females in the household. They being [D.B.] and [T.M.]. Because of these acts, rehabilitative treatment is necessary for the Defendant.

Thirdly, the Defendant was in a position of custodial trust with the victim. The victim was a stepdaughter. The performance of sexual intercourse with the daughter was a breach of that custodial trust.

Fourthly, imposition of a reduced sentence or suspension of the sentence and imposition of probation could depreciate the seriousness of the crimes. Child molesting is a most serious crime. Facts of this case, two acts of sexual intercourse with the stepdaughter makes the term, child molesting, seem to be almost a mislabeling in this Court's opinion. A more appropriate labeling could possibly be rape.

Fifthly, the age of the victim at the time of the offense was fourteen. That can be considered an aggravating circumstance.

Sixth, the crimes require the Defendant confronted the victim.

And seventh, the facts of the crime, crimes, the stepfather committing two acts of sexual intercourse with the stepdaughter within the household, in the Court's opinion, is particularly heinous.

The Court could find no meaningful statutory mitigating circumstances. And therefore finds that the aggravating circumstances outweigh the mitigating circumstances. That they warrant an increase in the presumptive sentence.

On Count I, the Court will sentence the Defendant, Russell McNeely, be committed to the Department of Corrections for classification and confinement in a medium security facility for a period of eight years.

Count II, the Court finds that the Defendant, Russell McNeely, should be committed to the custody of the Department of Corrections for classification in a medium security facility for a period of eight years.

Because of the previously enumerated circumstances, the Court finds that the sentences in Count I and Count II shall be served consecutively. The Defendant shall be given credit for thirty-four days previously spent in confinement as a result of the charges herein. He shall be responsible for the costs of this action. He is now remanded to the custody of the Sheriff of Spencer County for execution of the foregoing judgment and for delivery to the Indiana Department of Corrections.

*Record* at 997–98.

■ Under IND.CODE 35–38–1–7(b), when determining a sentence, the trial court is permitted to consider as aggravating factors justifying enhanced and/or consecutive sentences that the defendant has a prior history of criminal activity, that the defendant is in need of correctional and rehabilitative treatment, and that a reduced sentence would depreciate the seriousness of the crime. Moreover, IND.CODE 35–38–1–7(d) specifically permits the trial court to consider other relevant factors in addition to those specified by the statute. With regard to mitigating factors, we are not aware of any valid mitigating circumstances shown by the record which may have been considered by the trial court. The trial court properly followed the sentencing guidelines, and the record supports the sentence. McNeely's sentence is not manifestly unreasonable.

For the above reasons this cause is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., and BUCHANAN, J. concur.