BROWN v. STATE OF INDIANA.

[No. 370S68. Filed January 29, 1971. Rehearing denied March 5, 1971.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant was charged with the offense of First Degree Murder by an indictment filed in the Marion Criminal Court. The defendant entered a plea of "not guilty" and the cause was submitted to a trial by jury on December 1, 1969, in Marion Criminal Court, Division I, before Judge John T. Davis. The jury returned a verdict of guilty of the crime of Second Degree Murder and defendant was subsequently sentenced to the Indiana State Prison for life.

Considering only the evidence most favorable to the State, we find that on the evening of November 14, 1968, the decedent, Robert Ecton, picked up his girl friend, Barbara Lewis, and drove to the home of the defendant. About ten minutes after they arrived (around midnight) the defendant walked into the house and went into the bedroom. A short time later he walked out of the bedroom carrying a gun and shot into the floor, about three feet from where Robert Ecton and his girl friend were sitting. Loretta Moore, who had been living with the defendant previous to the shooting incident, arrived outside the house just in time to hear the gun shot. She entered the house and, seeing that the defendant had a gun in his hand, proceeded to tell him what was wrong with him. She testified: "I told him I was tired of that stuff

and I said I was going out to my daddy's house, then he said wasn't nobody going anywhere."

Loretta Moore further testified that Willie Brown shot the decedent in the back, and then shot him several more times. The decedent's girl friend, Barbara Lewis, testified to substantially the same facts.

Prior to the preliminary instructions and opening statements, but after the jury was sworn in, the defendant moved for separation of the witnesses. The court refused to grant the request at that time, however, on the basis that there were as yet no witnesses inasmuch as they had not been sworn in at that time. The trial judge took the motion under advisement until after the opening statements were made by counsel for the State and counsel for the defendant. The witnesses were then sworn in and the motion to separate the witnesses was granted. The defendant alleges that a new trial should therefore be ordered since the court abused its discretion in allowing the statement of evidence by the State before granting the motion for separation of witnesses.

This Court has previously stated that granting a motion for separation of witnesses is wholly within the discretion of the court and that it is not required by statute or common law. Separation of witnesses is not a right, but may be granted at discretion. *Butler* v. *State* (1951), 229 Ind. 241, 97 N. E. 2d 492. The trial court did not err in delaying action on the motion until after the witnesses were sworn. Permitting the witnesses to hear the opening statement of both counsel for the State and counsel for the defendant would not be grounds for reversal in order that a new trial could be granted.

Defendant next urges this Court to reverse the conviction on the basis that no foundation was laid as to when and where a picture was taken that the State introduced into evidence as State's Exhibit Number 1. The testifying witness identified the exhibit as being a true picture of her son, Robert Ecton. The face was clearly identifiable

by the mother. A photograph of a person, if relevant, is admissible upon evidence that it is a true and accurate representation of such a person. 1 Ewbanks Indiana Criminal Law, *Evidence*, § 395; 32 C.J.S. *Evidence*, § 709. The defendant states in his reply brief that the exhibit consisted of only a nude photograph, of only part of a body, with very little distinguishable other than the chest. The significance of the exhibit is that it reveals a wound. Additionally, State's Exhibit Number 3, to which the defendant did not object, is substantially the same picture taken from a different angle. Thus, the admission of State's Exhibit Number 1 would be deemed harmless error, even if it had been admitted improperly.

At the close of all the evidence, the defendant tendered the following Instruction Number 6:

> "I instruct you that the law does not use hindsight as a measure of reasonable conduct on the part of the defendant under circumstances as occurred in this case. A man has a right to act upon appearances of actual and immediate danger if he sincerely believes such apparent danger exists. The danger need not be actual. It need only be apparent to a reasonable person under the circumstances. The law protects persons who feel compelled to act at such times even though in retrospect it may be shown that they have erred. The fact that the deceased did or did not have a weapon has no bearing upon self-defense."

The instruction was refused by the court inasmuch as Final Instruction Number 24 given by the court was complete and covered all of the points set out in tendered Instruction Number 6. *McPhearson* v. *State* (1966), 247 Ind. 579, 219 N. E. 2d 907; *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254. Final Instruction Number 24, as given by the court, reads as follows:

> "The Court further instructs you that one person may kill another under such circumstances that the homicide or killing constitutes no crime, but is justified by the law. This is known as the law or doctrine of self-defense and may be, and is thus stated for your guidance:

"Whoever, being himself without fault and in a place where he has a right to be, so far as his assailant is concerned, is assaulted, he may, without retreating repel force by force; and he need not believe that his safety requires him to kill his adversary in order to give him a right to make use of force for that purpose. When from the act of his assailant he believes and has reasonable ground to believe, that he is in danger of losing his life or receiving great bodily harm from his adversary, the right to defend himself from such danger or apprehended danger may be exercised by him; and he may use it to any extent which is reasonably necessary, and, if his assailant is killed as a result of the reasonable defense of himself, he is excusable in the eyes of the law. The question of the existence of such danger, the necessity or apparent necessity, as well as the amount, of force necessary to employ to resist the attack can only be determined from the standpoint of the defendant at the time and under all the then existing circumstances. Ordinarily one exercising the right to self-defense is required to act upon the instant and without time to deliberate and investigate, and under such circumstances a danger which exists only in appearance, is as real and imminent to him as if it were actual.

"A person in the exercise of the right of self-defense must act honestly and conscientiously.

"When all danger and all apparent danger of the loss of life, or of receiving great bodily harm, from the assault of his assailant is at an end and passed, then the right to use force is at an end and should cease. The person exercising the right of self-defense must honestly believe, and have reasonable ground to believe, when he makes use of force to protect himself from an assailant, that at the time he uses the force it is then necessary to do so to protect his life, or to protect his person from great bodily harm.

"One who is in no apparent danger, and who apprehends no danger and who has no reasonable ground for such apprehension cannot kill another and successfully interpose the defense of self-defense."

No errors having occurred at the trial, the judgment is affirmed.

Givan, Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 265 N. E. 2d 699.