Charles KUCHEL, Appellant,

v.

STATE of Indiana, Appellee.

No. 585S208.

Supreme Court of Indiana.

Dec. 22, 1986.

Rehearing Denied Feb. 20, 1987.

James E. Easterday, Sowinski, Easterday & Ummel, Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with forty-five counts, all stemming from sexually related attacks on several women. The State also alleged that appellant was an habitual offender. The sentences ranged from one hundred eighty (180) days to fifty (50) years on twenty of the forty-five charges. It was further ordered by the trial court that the sentences imposed on the counts involving separate victims "shall run and be served consecutively." We reverse.

■ Following the termination of the case-in-chief, the habitual offender verdict forms were erroneously sent to the jury room. Appellant raises this issue as his first assignment of error in the trial court; however, we would point out that the State dismissed the habitual offender charge and appellant was not sentenced thereon. Therefore no harm came from the failure of the trial court to bifurcate the hearing or from the sending of the habitual offender verdict forms to the jury.

■ Appellant also claims the trial court erred in allowing the State to amend the information on the first day of trial. The prosecutor was permitted to amend the charge from "in or near Marshall County" to "in and near Marshall County" and in several of the various counts to delete the words "or near". It is true, as claimed by appellant, that the State cannot amend a charge at such a late date if the amendment results in prejudice to the defendant. However, in the case at bar, we see no possible prejudice. Where a crime commences in one county and is continued into adjoining counties, then the charge may be filed in any of the involved counties. *State v. Carrier* (1956), 235 Ind. 456, 134 N.E.2d 688; *Krauss v. State* (1951), 229 Ind. 625, 100 N.E.2d 824. There was sufficient evidence to support a finding that various segments of the continuing offenses were committed in Marshall County and continued into surrounding areas. We see no harm to appellant resulting from the amendments and in fact in all probability there was no necessity for those amendments.

Appellant claims the trial court erred in admitting State's Exhibit No. 1, a knife, into evidence. The police obtained the knife during a search of appellant's automobile after obtaining a search warrant. The affidavit used to obtain the search warrant stated that it was being obtained in order to search appellant's vehicle for evidence that one of the victims had been a passenger therein. It is appellant's position that since the affidavit did not specifically state that the police were searching for the knife it was improper to place it into evidence. He further contends that the affidavit used to acquire the search warrant was defective.

■ We do not agree with his contention. The affidavit stated that appellant's vehicle was the one in which appellant confined and transported one of the victims. The affidavit further stated that the vehicle had been impounded. Although the affidavit in question did not mention the possibility of the presence of the knife in the vehicle, such a statement was not necessary in view of the facts involved. The automobile could have been searched by the police without the warrant, first because of the fact that the police had probable cause to believe the crime had been committed in the automobile, *Cochran v. State* (1981), Ind.App., 429 N.E.2d 672, and secondly, since the vehicle had been impounded, the police were entitled to search the vehicle for security reasons without a warrant, *Brown v. State* (1982), Ind., 442 N.E.2d 1109. Thus we see no harm resulting to appellant by reason of the fact the warrant did not specifically mention the knife. There was no error in the admission of the knife into evidence.

We have covered the foregoing questions because it is perceived they will occur again upon retrial. The other questions raised in appellant's brief will not be discussed with the exception of the final question which must result in the reversal of this case.

Appellant claims the trial court erred in granting the State's motion to separate witnesses over his objection after the presentation of the State's case without separation of witnesses. When the State made the motion for separation of appellant's witnesses, appellant's counsel objected, noting that during the presentation of the State's case three to four potential witnesses were in the courtroom during the testimony of other witnesses. He pointed out that there had been no previous motion to separate and that to separate the witnesses following the presentation of the State's

case would place appellant in an unconstitutionally disadvantaged position.

The State argues that the motion to separate was proper because the defendant had not furnished the State with a list of his witnesses until the trial had begun. We fail to see what that has to do with the issue of the separation of the witnesses. It is true that the question of separation of witnesses is wholly within the discretion of the trial court. Many cases have been decided in Indiana on this subject. *See Romary v. State* (1945), 223 Ind. 667, 64 N.E.2d 22. For citations to other cases on this general subject *see* 2 *Wiltrout, Indiana Practice* § 1952, n. 5 (1967); 1 *Ewbanks, Indiana Criminal Law* § 346 (Symmes ed. 1956). In *Wiltrout* at § 1952, we find the following statement:

> "Any party may orally move, before any of the witnesses have testified, that the witnesses be separated."

However, there is no citation to support this statement.

In *Brown v. State* (1971), 255 Ind. 594, 265 N.E.2d 699, we find a situation wherein prior to the preliminary instructions and opening statements, but after the jury had been sworn, the defendant moved for separation of the witnesses. The court refused to grant the request at that time and took the matter under advisement until after the opening statements were made by the respective sides. The witnesses were then sworn and the motion for separation of the witnesses was granted. Chief Justice Arterburn, writing for the Court, stated that it was not error to permit the witnesses to hear the opening statements of counsel before granting the motion for separation of witnesses. *Id.* at 596, 265 N.E.2d at 700.

We find no case that goes further than this in allowing witnesses to hear the facts of the case prior to their testimony. It should be noted that in *Brown* all the witnesses were subject to the same eventual ruling by the court. In the case at bar it was obvious appellant was willing to proceed without separation of witnesses. He had every right to presume the State was proceeding on the same theory when they

chose to commence presenting their case without a separation. We believe appellant's position was well taken when he argued to the trial court that his witnesses would be placed in a disadvantageous position with relation to the State's witnesses, who had been allowed to remain in court during the testimony of each, and that the jury would then observe that appellant's witnesses were not afforded the same freedom. It is only logical to assume that the jury might well deduce from such treatment of the witnesses that the defense witnesses were of less credibility and that the court was protecting against prefabrication by those witnesses by forcing their separation.

Although we find no direct authority for the position we take here today, we hold that the constitutional mandate that a defendant is entitled to a fair trial dictates that we find the trial court's granting of the motion to separate following the close of the State's case was an abuse of his discretion. We wholly subscribe to the unsupported statement in *Wiltrout* above quoted and now officially hold that henceforth in Indiana when there is to be a separation of witnesses the motion must be made and ruled upon before any witnesses have testified in the cause.

The trial court is reversed and a new trial ordered for appellant.

All Justices concur.