Larry Eugene STOWERS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8602–CR–151.

Supreme Court of Indiana.

Sept. 15, 1987.

Williams F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Larry Eugene Stowers was charged with robbery which

resulted in serious bodily injury, a class A felony, on October 12, 1983. A jury found Stowers guilty and he was sentenced on July 24, 1984, to 30 years imprisonment. He directly appeals raising two issues for our review: (1) whether the sentence imposed was excessive, and (2) sufficiency of the evidence.

The facts show that on September 14, 1983, 79 year old Edith Morris was at her Indianapolis home with her 69 year old sister-in-law, Mary Baker. While Mrs. Morris was watching television in her living room, Mrs. Baker called to her from the kitchen that someone wanted to borrow sugar. Mrs. Morris went into the kitchen and saw two black men present. During the five to ten minutes the men were present, one asked Mrs. Morris about yard work and the other, taller, one told Mrs. Morris he had just moved into the neighborhood and his mother wanted to borrow some sugar. Mrs. Morris gave them a cup of sugar.

After the two men left, Mrs. Baker remained in the kitchen while Mrs. Morris went back to watch television. The taller of the two men, identified at trial as Stowers, and another man, returned within a few minutes. Stowers and Mrs. Baker came to the living room door. Mrs. Baker said Stowers wanted to talk to Mrs. Morris. When they returned to the kitchen, Mrs. Baker was hit over the head with a pressure cooker. Stowers then beat Mrs. Morris with her cane. She put her hands up to protect her face and the blows broke one of her fingers and bruised her hands and arms. He sprayed her face with chemical mace which she kept under the cushion of her davenport. Stowers kept asking for Mrs. Morris' money and car keys. Stowers ransacked the house, grabbed Mrs. Morris' purse and fled.

## I.

Stowers asserts the presumptive thirty (30) year sentence he received is excessive because he was only 18 years old and did not have a prior felony conviction on his record. The discretion to determine what weight to be given to aggravating or mitigating circumstances rests with the trial court. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 748. When a sentence is within the statutory limits, we are not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *Id.* When the trial court imposes a basic sentence prescribed by statute, we presume compliance with the governing statute. *Riddle v. State* (1986), Ind., 491 N.E.2d 527, 529. Here, we do not find the sentence imposed by the trial court manifestly unreasonable.

Moreover, Stowers discusses only factors which he believes require mitigating the sentence. He ignores present statutory aggravating factors: a history of criminal or delinquent activity, including juvenile court findings of two cases of resisting law enforcement, a pending juvenile case involving burglary and theft, and a pending adult charge of burglary and theft; that both victims in this case were over the age of 65; and that one victim was physically infirm. Ind.Code Ann. § 35–38–1–7(b) (Burns Supp. 1987). The trial court could have used these circumstances to enhance the sentence, even considering the potentially mitigating circumstances Stowers cites. In light of all the factors considered together, the trial court did not abuse its discretion in sentencing Stowers.

## II.

Stowers complains the victim's identification of him was not sufficient to support his conviction. He claims the victims were mistaken in their identification of him because neither victim described the scars on his face and one identified another person in the line-up. When the issue of sufficiency of the evidence is raised on appeal, this Court will neither reweigh the evidence nor judge the credibility of witnesses. We will consider only the evidence most favorable to the State to determine whether the crime was proven beyond a reasonable doubt. *Prine v. State* (1983), Ind., 457 N.E.2d 217, 219.

The chief alleged discrepancy is a difference between the initial description of the assailant's height and Stowers' actual height. Mrs. Morris originally described

her attacker as about 6′ 7″ or 6′ 8″. Stowers is 5′ 7″. Mrs. Morris acknowledged that her description, which was given just after the robbery at a time when according to the investigating officer's testimony, she was in shock, was incorrect. She said that when she was attacked the man looked like he was about the size of a mountain. This discrepancy will not defeat the other identification evidence.

Stowers asserts the victims must have misidentified him because he has a scar on the left side of his face which neither witness described. Both victims testified they did not see any scar or that to their knowledge there was not a scar. Stowers testified he had had the scar since 1984. The instant crime occurred in October, 1983. Thus, if the women had said their assailant had a scar, their identification of Stowers as the robber might be suspect as prompted by their having seen him in court. Their description seems to reflect his actual appearance on the night of the robbery.

While Mrs. Baker identified the wrong person at the line-up, she testified the viewing conditions at the line-up were poor. She had trouble looking at the participants through a yellowish screen and could not see the faces well in the dark, yellow lighting, and used only height in making her choice. However, she identified Stowers in court, stating she could see more of his profile. Mrs. Morris picked Stowers' picture from a six-man photo array and was not bothered by the lighting conditions in the line-up, where she also picked Stowers out of the six men. Even if the jury had discounted Mrs. Baker's testimony, there still remained Mrs. Morris' clear and consistent identification. The uncorroborated testimony of a robbery victim is sufficient to sustain a robbery conviction. *Young v. State* (1986), Ind., 493 N.E.2d 455, 457. The evidence of identification is sufficient to sustain the conviction.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.