Timothy L. ROSS, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8606–CR–576.

Supreme Court of Indiana.

Dec. 17, 1987.

John Richard Walsh II, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Rape, a Class B felony, for which he received a sentence of eighteen (18) years. His sentence was enhanced by an additional thirty (30) years due to a finding that he was an habitual offender.

At the outset of the case, the State filed a written motion to offer evidence of appellant's past sexual conduct with three women. Appellant filed a response challenging the State's right to present such evidence. In support of his motion, he cited *Brown v. State* (1984), Ind., 459 N.E.2d 376. In his motion, appellant stated that he admitted to sexual activity with the prosecutrix and that he intended to interpose the defense of consent at trial.

In *Malone v. State* (1982), Ind., 441 N.E. 2d 1339 and *Jenkins v. State* (1985), Ind., 474 N.E.2d 84, this Court held that testimony regarding other alleged rapes committed by the defendant was not admissible to prove lack of consent under the common scheme or plan exception. In the case of *Reichard v. State* (1987), Ind., 510 N.E.2d 163, both *Malone* and *Jenkins* were cited for this proposition. The author of this opinion was also the author of *Reichard* and stated therein that he would distinguish *Malone* and *Jenkins* from the facts in *Reichard.* However, the majority of the Court did not join him in that regard and held the evidence inadmissible.

■ The author of this opinion takes the position that the case at bar is virtually parallel to *Reichard* and he would distinguish it from *Malone* and *Jenkins;* however, the majority of this Court has established as law that when consent is the issue in a rape case prior incidents of rape may not be placed in evidence.

Appellant claims the trial court erred in permitting Brenda Turnbloom, an expert on the subject of rape, to testify. Several cases coming to this Court from Madison County have involved this particular witness and this particular format in the prosecution of rape cases.

In *Simmons v. State* (1987), Ind., 504 N.E.2d 575, this Court held that the testimony of Turnbloom could be received in evidence where there was an issue of the victim's mental state following the rape causing her to give conflicting stories at various times. We held that it was proper for the expert to give an opinion in order to aid the jury in understanding the victim's behavior after the rape, which behavior is known among professionals as "rape trauma syndrome."

However, in *Reichard, supra,* the situation was almost the same as the case at bar. The State presented the testimony of three women who testified that they had been raped by the defendant. After presenting such testimony, the State placed witness Turnbloom on the stand, recited virtually the entire State's case by way of hypothetical, then posed the question, "Assuming those facts, do you have an opinion as to the type of rapist, if any, the defendant is?" Turnbloom replied, "In my opinion, those examples that you cited have the dynamics of what would be a power rape situation." We held the trial court erred in allowing Turnbloom to express an opinion upon the prosecutor's hypothetical question.

 

In the case at bar, we are faced with an almost identical situation. Here, the State, in its hypothetical to the witness Turnbloom, set out in lengthy detail the testimony of the prior witnesses, then closed with the following question. "Based on those facts do you have an opinion as to whether or not those rapes those four rapes, are power rapes, angry rapes or sadistic rapes?" To which the witness answered, "In my opinion those rapes would fall into the category of a power rape."

When the State first proposed to offer Turnbloom as a witness, the trial judge stated, "You can qualify as an expert, she can testify as to why some woman would wait two years to not report a rape and beyond that I don't want to hear anything from Brenda Turnbloom." We would observe that the trial judge was correct in his ruling and observation at that time. However, as the trial progressed to the point where the witness was allowed to answer the question above set out, the trial judge had unfortunately been persuaded that the evidence was admissible.

Essentially what the State was doing in this case was placing an expert on the witness stand virtually stating their entire case as a hypothetical and then soliciting her testimony that appellant was guilty of a "power rape." In the first place, as we said in *Reichard,* there was no issue as to the type of rapist appellant might be and in the second place, and more important, it is highly improper in any type of criminal case to place an expert on the witness stand and then ask that expert the very question which is the question for determination by the jury, that is the guilt or innocence of the defendant. The conduct in this case was an invasion of the province of the jury and was highly prejudicial to appellant. *Reichard, supra.*

We also observe that Turnbloom testified concerning some misconceptions about rape and the different types of rapists. This type of testimony is immaterial unless the appellant has invoked the defense of insanity or unless, like in *Simmons, supra,* the question of the emotional stability and competence to testify on the

part of the victim is raised. In the case at bar, these were not issues and the irrelevant testimony could only have been calculated to inflame the jury against the appellant.

For the above reasons, the trial court is reversed and the cause is remanded for a new trial.

SHEPARD, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.