Joseph BAUGHMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 50S00–8604–CR–332.

Supreme Court of Indiana.

Sept. 19, 1988.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Joseph Baughman directly appeals his conviction of child molesting, a class B felony, for which he received a twelve year sentence. He raises four issues for review: (1) whether the trial court erred in suppressing statements made by the victim at the time of the offense and at the time she accused appellant; (2) whether the trial court erred in permitting the State to introduce an admission made by appellant; (3) whether the trial court erred in permitting the victim's mother to testify concerning her own molestation by appellant; and (4) whether the evidence was sufficient to support the conviction.

These are the facts from the record which tend to support the determination of guilt: In the spring and summer of 1983, T.K., age eleven (11), stayed with her maternal grandmother and step-grandfather (appellant) in the daytime, while her mother, C.L., was at work. According to T.K., appellant had sexual intercourse with her fifteen (15) to twenty (20) times during that period. A school friend of T.K.'s testified that T.K. told her that appellant molested her. C.L., T.K.'s mother, testified that appellant (her step-father), sexually molested her when she was a girl and her high school boyfriend confirmed that she had revealed this fact to him.

I.

■ Appellant contends that the trial court erred by preventing him from presenting evidence that T.K. had been sexually molested by her step-father, J.L. Appellant offered to prove that during one of the alleged incidents between T.K. and appellant, T.K. told appellant that she had engaged in sexual intercourse with her step-father. He further offered to prove through other witnesses the sexual molestion of T.K. by her step-father. The step-father had in fact been convicted of the child molestation of T.K.

The trial court correctly ruled this evidence inadmissible. I.C. § 35–37–4–4 provides:

(a) In a prosecution for a sex crime as defined in I.C. 35–42–4:

(1) evidence of the victim's past sexual conduct;

\* \* \* \* \* \*

may not be admitted, nor may reference be made to this evidence in the presence of the jury, except as provided in this chapter.

The evidence sought to be introduced was of the type which the legislature deemed should be excluded in a case of this nature. It falls clearly within the parameters of the statute and does not fit into any of the enumerated exceptions. Further, exclusion of evidence of prior molestation by a different person has previously been approved. *Parrish v. State* (1987), Ind., 515 N.E.2d 516. There was no error.

II.

■ Officer Criswell, a criminal investigator for the Marshall County Sheriff's department, testified that he asked appellant how long "it" [apparently referring to T.K.'s allegations] had been going on. Appellant responded that "it" had actually started a long time ago with his other two step-daughters and he realized that "it" was wrong. This conversation took place sometime between Criswell's arrival at appellant's house and appellant's statement later at the station house that he didn't want to answer questions without an attorney. Appellant also executed a waiver of rights form sometime in that period. However, the form contained only appellant's signature and did not have the date or time or any witnesses listed. Criswell testified that he was sure he advised appellant of his rights and had him execute the waiver form prior to the incriminating conversation. However, Criswell was unable to recall the exact time and place of the conversation or the signing of the waiver of rights form. He further did not testify that he received an express affirmation from appellant that he understood his rights.

Appellant asserts that it was error to admit his statement. Before an admission or incriminating statement made to police, in response to custodial interrogation, can be properly admitted into evidence, the State must prove beyond a reasonable doubt that the *Miranda* warnings were given and that a defendant's rights were knowingly and voluntarily waived. *Eagan v. State* (1985), Ind., 480 N.E.2d 946. *Grimes v. State* (1983), Ind., 454 N.E.2d 388. A signed waiver of rights form is not dispositive of the question. *Dickerson v. State* (1972), 257 Ind. 562, 276 N.E.2d 845. Rather a reviewing court is entitled to consider all of the evidence in the record on this issue. *Id.*, 276 N.E.2d at 849. Even with the uncertainties in Officer Criswells recollection of the exact times and places, his testimony was such that a reasonable trier of fact could conclude beyond a reasonable doubt, that the advice of rights and the signing of the waiver form by appellant came prior to the questioning which called forth his incriminating response. It would also be reasonable to infer to the same degree of certainty that a voluntary and knowing waiver of rights occurred before that response by reason of the preceding advisement of rights, preceding execution of the waiver form, and the succeeding exercise of one of the rights given, namely the right to cut off questioning and seek advice of counsel. Consequently the constitutional standard governing the introduction of statements made by suspects in custody was met.

### III.

▉ The victim's mother, C.L., was permitted to testify that appellant had molested her when she was a child staying in his household. Appellant asserts that C.L.'s testimony was disputed and of so little probative value due to the passage of time that it could not be admitted under the depraved sexual instinct exception to the rule disallowing evidence of prior acts of misconduct.

The testimony of C.L. was admissible under the depraved sexual instinct exception. It was admissible because the prior conduct was of such a significantly similar nature. The victim's testimony was that while she was eleven (11) years old and staying at appellant's (her step-grandfather) house, he repeatedly forced her to submit to sexual intercourse. C.L., the victim's mother, testified that she began residing in appellant's (her step-father) house when she was ten years old and that he repeatedly sexually assaulted her and she believed that he did once perform sexual intercourse with her. The similarities here between the young girls, related by marriage, present at his house, and repeatedly molested over a period of time, are sufficient to bring C.L.'s testimony under the depraved sexual instinct exception. Neither the passage of time nor the fact sexual intercourse only occurred once with C.L. negates the similarities between the incidents.

### IV.

▉ Appellant also asserts that there was insufficient evidence to support his conviction. His argument points out discrepancies between the evidence he presented and that to which T.K. testified. He is in reality asking this court to reweigh the evidence and judge the credibility of the witnesses. That we will not do. The evidence viewed in the light most favorable to the State is sufficient to support appellant's conviction of child molesting.

The trial court is affirmed.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result.