**Ronald STEPHENS, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 04A03–8906–CR–235.**

Court of Appeals of Indiana, Third District.

Dec. 6, 1989.

Robert B. Smart, Morocco, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Ronald Stephens appeals the judgment of the Benton County Circuit Court convicting him of child molesting with a deadly weapon, a Class A felony and child molesting, a Class C felony.

Stephens presents four issues on appeal:

(1) Whether the trial court abused its discretion in denying Stephens' motion to separate witnesses.

(2) Whether the trial court erred in allowing testimony by the victim's mother of Stephens' previous uncharged acts of sexual misconduct.

(3) Whether the evidence was sufficient for the jury to find Stephens guilty beyond a reasonable doubt.

(4) Whether the defendant's sentence was reasonable.

We affirm.

### Facts

Ronald Stephens is the maternal uncle of the victim, A.S., and in the early summer of 1988, he lived with the parents of A.S. in Benton County. His friend, Pat Brost, also lived with them. A.S., age 6, testified at trial that on three occasions Stephens fondled her by rubbing her vagina while both were dressed. She also testified that on another occasion, Stephens forced Brost at knifepoint to fondle her in the same way. She testified that the first incident occurred on her parents' anniversary, June 3, 1988, and the last incident occurred near her brother's birthday, June 21, 1988. Pat Brost also testified that Stephens forced him at knifepoint to molest the child. There was also evidence that Stephens was incarcerated on June 12, 1988, and remained incarcerated until the trial.

S.S., the mother of A.S., also testified that when she was 16 and Stephens, her brother, was 14, Stephens fondled her while she was undressed. Stephens had seen S.S. engaged in sexual play with her fiance and had threatened to tell their mother unless she acquiesced to his fondling.

The jury returned a verdict of guilty on both the Class A and Class C felony counts. The courts sentenced Stephens to 35 years with five years suspended for the Class A felony and seven years with five years suspended on the Class C felony, both sentences to run concurrently.

### I. Separation of Witnesses

Stephens contends the trial court erred when it denied his motion to separate witnesses. Separation of witnesses is not required by statute or by common law. For that reason, the trial judge has discretion to separate witnesses. There must be a manifest abuse of discretion for this court to disturb the trial court's ruling on appeal. *Garland v. State* (1982), Ind., 439 N.E.2d 606. A manifest abuse of discretion has occurred when the decision to grant or deny a motion to separate is demonstrated to deny the defendant's constitutional right to fair trial. Such a case was *Kuchel v. State* (1986), Ind., 501 N.E.2d 1045, in which the granting of prosecution's motion to separate defendant's witnesses after the prosecution had presented its case was deemed to convey to the jury the belief that defense witnesses could not be trusted. 501 N.E.2d at 1047. Stephens' right to a fair trial has not been denied here.

To show abuse of the trial court's discretion, Stephens must show that he has been prejudiced. *Rutledge v. State* (1983), Ind.App., 452 N.E.2d 1039, 1043. Stephens contends that he was prejudiced because very inconsistent evidence became somewhat more consistent as the trial progressed. Stephens has not shown a single instance where witnesses' stories changed. For all we know, the resolution of inconsistencies is the result of successful exami-

nation at trial by the prosecutor. Moreover, Stephens' argument contradicts his later argument that the evidence was too inconsistent to support a conviction. The trial court did not abuse its discretion.

## II. *Evidence of Prior Conduct*

Generally, evidence of separate and independent crimes is inadmissible to prove the defendant's guilt in the crime charged unless it tends to prove identification, intent, motive, purpose or common scheme or plan. *Jackson v. State* (1983), Ind., 446 N.E.2d 344, 346. However, evidence of other sexual acts may be admitted into evidence to establish that the defendant has demonstrated a depraved sexual instinct when charges upon which he is being tried involve the same instinct. *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 924. The basis for the depraved sexual instinct exception is that in prosecutions for depraved acts, the prosecuting witness is not likely to be believed since the evidence standing alone would appear unnatural or improbable in itself. *Grey v. State* (1980), 273 Ind. 439, 446, 404 N.E.2d 1348, 1352.

The state argues that *Baughman v. State* (1988), Ind., 528 N.E.2d 78, is dispositive of this case. We disagree. In *Baughman,* the victim's mother was permitted to testify that the defendant, her step-father, had repeatedly forced her to submit to sexual intercourse when she was about the same age as the victim. Such testimony was admissible because the conduct was significantly similar to conduct to which the victim testified. 528 N.E.2d at 80; *cf. Amburn v. State* (1989), Ind.App., 545 N.E.2d 1141 (witnesses' testimony that accused fondled their breasts not admissible in child molesting charge because the witnesses were adults at the time they were fondled.)

Acts used to show depraved sexual instinct need not be identical to the crime charged. It is sufficient if the same or similar sexual instinct is involved. *Hodges v. State* (1988), Ind., 524 N.E.2d 774, 781 (minor victim and similar time and proximity); *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1100 (homosexual acts with

minor victims); *Neaveill v. State* (1985), Ind.App., 474 N.E.2d 1045, 1050 (photographic evidence of sexual acts between accused and son and accused's husband with daughter). The depraved sexual instinct exception applies even though the accused at time of the prior act would not have committed a crime because of his age. *Grey v. State, supra,* 273 Ind. at 446, 404 N.E.2d at 1353.

Same or similar sexual instinct is not a precise term. Obviously, if the accused engaged in the same acts of child molesting, he has exhibited the same depraved instinct, *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 744. Similarity in the type of victims, minor boys, for example, also evidences a similar sexual instinct. *Jarrett v. State, supra.* Similarity in circumstances may also evidence a similar sexual instinct. *Baughman v. State, supra* (molesting of family members while baby-sitting). In the case at bar, S.S. testified that Stephens, then 14 years old, touched her breasts and vagina with her clothes off when she was 16. Not only was that not child molesting, IC 35–42–4–3(d), it is not significantly similar to touching the vagina of a six year old with her clothes on.

Nevertheless, we find that the testimony was properly admitted. A.S. also testified that Stephens held a knife to Pat Brost, to force him to fondle A.S. S.S.'s testimony lends credence to A.S.'s testimony. S.S. testified that she submitted to Stephens' sexual abuse because he threatened to expose her sexual activity to their mother, of whom S.S. was afraid. This was evidence that Stephens had a predilection for satisfying his sexual desires through coercion. It tends to support the allegation that Stephens would get sexual gratification from coercing Brost into fondling A.S. There are also the twin facts that the victims were Stephens' own sister and the daughter of that sister suggesting some deviant sexual motivation on his part towards those particular victims. There were enough significant similarities in the circumstances to permit admission of the testimony.

We also note that Stephens did not properly object to S.S.'s testimony. The prose-

cutor asked S.S. if she had a similar encounter with her brother as a teenager. She responded before Stephens' counsel objected, but he did not move to strike the answer. The court overruled his objection. Counsel failed to object further when the prosecution then asked S.S. to describe the incident. Thus even if the testimony were inadmissible, Stephens failed to properly preserve the error. *See Tinnin v. State* (1981), 275 Ind. 203, 416 N.E.2d 116, 118 (party must make his objection to a question before the answer is given in order to preserve the issue for appeal).

### III. *Sufficiency of the Evidence*

Stephens contends the evidence was insufficient to prove that he molested A.S. because A.S. testified that one of the incidents occurred on or near her brother's birthday, June 21, 1988. Undisputed evidence showed that Stephens was incarcerated June 12, 1988, and remained incarcerated until the trial. Thus, he could not have molested A.S. on her brother's birthday.

██ In reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. We examine the evidence most favorable to the judgment and will not disturb the verdict if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Edwards v. State* (1986), Ind., 500 N.E.2d 1209, 1211; *McNeely v. State* (1988), Ind.App., 529 N.E.2d 1317, 1327. In the case at bar, A.S. testified that she was molested three times by Stephens and one time by Brost. The last incident occurred near her brother's birthday. Brost also testified and corroborated A.S.'s story that Stephens had forced Brost at knifepoint to fondle her. From this evidence, a juror could reasonably infer guilt. Moreover, the state was required to prove the date of the offenses with as much specificity as the circumstances allowed. *McNeely, supra*, 529 N.E.2d at 1326. The state has done so; the evidence was sufficient to prove guilt.

### IV. *Sentencing*

Stephens contends that his sentence was excessive and that the trial court failed to consider certain mitigating factors and placed too much weight on aggravating factors. The trial court sentenced Stephens to the presumptive term of 30 years for the Class A felony with five years added for aggravating circumstances and five years suspended. For the Class C felony, Stephens received the presumptive term of five years with two years added for aggravating circumstances and five years suspended. All sentences were to run concurrently.

In reaching its sentence, the court considered Stephens' need for rehabilitation, his criminal history, his position of trust with both A.S. and her parents at the time of the crime, the likelihood that he would engage in more serious crimes if he were allowed to continue, the fact that Stephens abused alcohol, and the fact that alcohol was not a factor in these crimes. The court did not consider Stephens' age. Stephens contends the court should have considered his age and the fact that he needed treatment for alcohol abuse.

██ The court has wide discretion in enhancing a presumptive sentence for aggravating factors. *McNeely v. State* (1988), Ind.App., 529 N.E.2d 1317, 1327. When the court enhances a sentence, it must state its reasons, IC 35-38-1-3. We find that the court has sufficiently stated its reasons. *See Martin v. State* (1989), Ind., 535 N.E.2d 493, 498; *McNeely v. State, supra*. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Martin v. State, supra*. Here the trial court listed several factors. The court considered Stephens' criminal and delinquent history, IC 35-38-1-7(b)(2), his need for rehabilitation, IC 35-38-1-7(b)(3), and the abuse of A.S.'s and her parents' trust. *Martin v. State, supra*.

██ The finding of mitigating factors is also discretionary. *McNeely v. State, supra*. The trial court considered Stephens' alcohol abuse and found that it was not a mitigating factor because it was not a factor in his acts of child molesting.

The trial court did not consider Stephens' age. While the defendant's age is not among the statutory mitigating factors, *see* IC 35–38–1–7(c), it is a potentially mitigating factor. *Stowers v. State* (1987), Ind., 512 N.E.2d 853, 854. In *Stowers,* the defendant was 18; here the defendant was 23 at the time of sentencing. Five years may not be much of an age difference, but we do not find that the court abused its discretion in enhancing Stephens' sentence without considering his "tender" age.

Affirmed.

HOFFMAN and MILLER, JJ., concur.