**James L. JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9009–CR–416.**

Court of Appeals of Indiana,
Fourth District.

Oct. 31, 1991.

Howard Howe, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant James L. Johnson (Johnson) appeals from a jury verdict convicting him of robbery, a class B felony[1] and carrying a handgun without a license, a class A misdemeanor,[2] for which he is currently serving twenty years in prison.

We affirm.

The sole issue presented on review is whether the trial court properly permitted an officer to testify regarding Johnson's post-*Miranda* oral statements.

These are the facts from the record which tend to support determination of guilt: Johnson robbed a Family Dollar Store in Indianapolis at gun point, not once, but twice. Beverly Martin (Martin) worked the cash register as the manager of the store on March 17, 1989. She noticed Johnson and another man acting strangely. The man accompanying Johnson left before the robbery occurred.

When all the other customers had left the store, Johnson approached Martin at the register, revealed a gun and demanded money. She surrendered $229. After he left, Martin called the police.

A few days later, on March 20, 1989, Martin again saw Johnson enter the store and again he was accompanied by another man who this time, stood looking out the window. Johnson gathered several jogging outfits and approached the cashier. However, Martin called the police. She saw Johnson reveal the same gun to the cashier as he had revealed to her a few days earlier.

Martin again called the police, informing them an armed robbery was in progress. The cashier opened the drawer and gave Johnson the money. Johnson left the store.

Martin saw Johnson on the sidewalk in front of the store later that afternoon. Johnson was subsequently arrested and Martin identified him as the man who had robbed her store.

Johnson concedes he was advised of his *Miranda* rights during his custodial interrogation, but contends no evidence exists that either "testimonially" or "documentarily" he waived those rights. Johnson further contends the State cannot show he waived his right to counsel. (Defendant's Brief, pg. 10). The defendant here argues the investigating officer, Miller, did in fact advise him of his *Miranda* rights, but insists, he never expressly waived any of those rights.

The linchpin of Johnson's argument is that at his trial and over his objections, the court admitted testimony regarding the purported conversation Miller had with the defendant while the defendant was confined at the Indianapolis Police Department. At a hearing to determine admissibility, Officer Miller testified Johnson orally confessed to one of the robberies.

The trial court held the statements were admissible and allowed the witness to testify regarding them in the presence of the jury. The witness testified, over objection, Johnson had admitted committing the robbery of March 20, 1989, but had denied committing the robbery of March 17, 1989.

---

1. IND.CODE 35–42–5–1.

2. IC 35–47–2–23.

Johnson flatly denies making either statement.

The record reveals Officer Miller read Johnson his *Miranda* rights and Johnson stated he understood each one. Johnson does not dispute this fact. After the defendant's rights were read, but before Miller could have Johnson sign or initial the standard waiver form, Johnson told Miller he had committed the robbery on March 20 but not the robbery on March 17. However, by the time Miller returned with the Prisoner Release Slip, Johnson had changed his mind.

Johnson then requested an attorney. Johnson did agree to initial the waiver form to show that he had been advised of his rights, but refused to sign the actual waiver.

■ Before an incriminating statement made in response to a custodial interrogation can be properly admitted into evidence, the State must prove beyond a reasonable doubt the defendant was effectively apprised of his Fifth Amendment right not to incriminate himself and his Sixth Amendment right to have an attorney present. Furthermore, the State must prove the defendant knowingly and voluntarily waived these rights. *Miranda v. State of Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, *reh. denied*, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121; *Baughman v. State* (1988), Ind., 528 N.E.2d 78, 80. A presumption exists the defendant did not waive his rights. *Tague v. Louisiana* (1980), 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622; *Light v. State* (1989), Ind., 547 N.E.2d 1073, 1079–80, *trans. denied.* A signed waiver form is not dispositive of the question, and the express written or oral waiver of rights is not required to establish a valid waiver. *Baughman, supra,* at 80; *Brock v. State* (1989), Ind., 540 N.E.2d 1236, *reh. denied.* A reviewing court considers all of the evidence in the record which supports the trial court's ruling. It does not reweigh the evidence. *Green v. State* (1991), Ind.App., 575 N.E.2d 296, 301.

■ Our supreme court has held the voluntariness of a confession must be proved beyond a reasonable doubt. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811. The court has also held the State must establish *Miranda* warnings were given and that a defendant's rights were knowingly and voluntarily waived. *Baughman, supra,* at 78. We disagree with Johnson's contention he has been highly prejudiced by Miller's testimony. The trial court properly permitted Officer Miller's testimony regarding statements made by Johnson after he had been advised of his rights and prior to his assertion that he wanted to speak to an attorney.

Johnson contends nothing in the record indicates he initiated any contact with the police subsequent to invoking his right to counsel. Further, Johnson states the absence of any evidence that he waived any of his rights, together with his flat denial of ever having made any statement to Detective Miller, supports the conclusion that any statement, even assuming one had been made, would have violated his rights under *Miranda, supra,* and *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378.

However, the record reveals Johnson's incriminating statement was made after he had been advised of his rights and that those rights were voluntarily waived. Johnson read, and was advised of, his *Miranda* rights and he understood them. In fact, State's Exhibit 2, the release and waiver form, bears Johnson's initials. Further, the testimony of Miller and Johnson both confirm Johnson's *Miranda* rights were given, understood and waived.

Prior to initialing the form and prior to any questioning, Johnson stated that while he had committed the March 20th robbery of the store, he had not committed the robbery of March 17.

The fact that Johnson did not execute the waiver form is not dispositive in light of his effective oral waiver. The record reveals he began his statement after the advisement of the rights but before the officer could have him sign the waiver form. The statement was not a product of Miller questioning Johnson, but rather was the prod-

uct of Johnson's own desire to be "free and clear" of both robberies.

An issue similar to the issue in the case at bar was recently decided by our supreme court in *Baughman, supra.* It was there held an officer's testimony was sufficient to establish the defendant had been advised of his rights and signed a waiver form before he was questioned by the officer and gave an incriminating response. The officer was unable to remember the exact time and place of the conversation or signing of waiver of rights form.

In *Baughman,* just as in Johnson's case, an incriminating statement was admitted by an investigating officer's testimony over defendant's objection. As in Johnson's case, Baughman asserted it was error to admit his statement. Before an admission or incriminating statement made to police can be admitted, the State must prove beyond a reasonable doubt the *Miranda* warnings were given and a defendant's rights were knowingly and voluntarily waived. *Id.,* at 80. A signed waiver of rights form is not dispositive of the question. *Id.; Dickerson v. State* (1985), 257 Ind. 562, 276 N.E.2d 845.

Rather, a reviewing court is entitled to consider all of the evidence in the record on the issue. *Dickerson,* 276 N.E.2d, at 849. In *Baughman,* even with the officer's uncertainties of time and place specifications, his testimony was reasonable. A trier of fact could conclude beyond a reasonable doubt the advice of rights came before the defendant's incriminating statement. *Id.* The court further held the trier of fact could have reasonably inferred to the same degree of certainty a voluntary and knowing waiver of rights occurred before the defendant's response due to the preceding advisement of rights, and execution of the waiver form, followed by the exercise of one of those rights given, namely, the right to cut off questioning and seek the advice of counsel. *Id.*

Therefore, in Johnson's case, it is reasonable to infer the trier of fact concluded beyond a reasonable doubt Johnson was advised of his rights and effectively waived those rights. *See, Brock, supra,* at 1236.

Because the State proved beyond a reasonable doubt Johnson's unwritten waiver was voluntary, his statement to Miller was properly admitted as evidence. Accordingly, the constitutional standard governing the introduction of the suspects' statements made in custody was met.

Affirmed.

MILLER and BAKER, JJ., concur.