Steven W. PIRNAT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–9202–CR–41.

Court of Appeals of Indiana,
First District.

July 22, 1992.

David M. Shaw, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Steven W. Pirnat appeals from his con-

viction for Child Molesting,[1] a Class D felony. We affirm.

## ISSUE

We restate and consolidate the issues as one:

Did the trial court err in admitting evidence of Pirnat's prior conviction of child molesting under the depraved sexual instinct exception to the rule prohibiting the admission of prior bad acts where the prior conviction involved a female child and the instant offense involved a male child?

## FACTS

The victim, T.C., was Pirnat's stepson. In April of 1990, when T.C. was twelve (12) years old, he awoke from a nap and discovered that Pirnat had his hand down T.C.'s pants and was touching T.C.'s penis. T.C. forced Pirnat to stop by sticking his fingernail into Pirnat's arm.

Before trial, Pirnat filed a motion in limine which included a request to exclude evidence of his prior conviction for criminal sexual abuse, which was denied. At trial, evidence was introduced which showed that Pirnat had been previously convicted of molesting a female child, M.C., Pirnat's former stepdaughter. Over objection, M.C. testified in detail regarding the prior molestation.

Pirnat was convicted of child molesting and now appeals. Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

■ Pirnat argues that the evidence of his prior conviction for molesting M.C. should not have been admitted and its admission amounts to reversible error. Specifically, Pirnat urges that since his prior conviction involved a female victim and the present offense involved a male victim, the depraved sexual instinct exception is inapplicable and a new trial is warranted. We disagree.

Evidence of prior sexual crimes is generally inadmissible to prove the charged crime. *Stwalley v. State* (1989), Ind., 534 N.E.2d 229, 231. However, evidence of other sexual acts may be admitted to establish that the defendant has demonstrated a depraved sexual instinct when the charges upon which he is being tried involve the same instinct. *Stephens v. State* (1989), Ind.App., 546 N.E.2d 1260, 1263, *trans. denied.* These acts need not be identical to show that a similar sexual instinct is involved in both instances. *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 744. Where prior acts show a defendant's predilection to engage in sexual contact with children, their admission in a defendant's subsequent child molesting trial is proper. *Id.* at 744–745.

Here, Pirnat's previous conviction involved the molestation of a young girl, while the instant offense involves molestation of a young boy. Both children were minors, and although of different sexes, clearly the incidents demonstrate Pirnat's predilection to engage in sexual contact with children; thus, the evidence of Pirnat's previous conviction and M.C.'s testimony were properly admitted. *See id.*

Pirnat's reliance on *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691, is misplaced. Rather than holding that evidence that the defendant had molested a young boy was inadmissible because the instant prosecution involved a young girl, as Pirnat alleges, the *Robbins* court held that the evidence was inadmissible because it was "dissimilar in character" to the instant offense and because the bad act was remote in time and subsequent to the offense charged. *Id.* at 139, 46 N.E.2d at 696. In contrast to the situation in *Robbins*, the evidence of prior molestation to which Pirnat objects is very similar to the charge involving T.C. Both victims were young children in a position of trust with Pirnat, and both were fondled while lying in bed. *See* Record at 34–40, 43, and 49–50. These common factors form a sufficient basis to conclude that the same depraved sexual instinct was involved in both incidents; thus, the trial court did not err in allowing evidence of M.C.'s molestation into evi-

1. IND.CODE § 35–42–4–3.

dence. *See Crabtree v. State* (1989), Ind. App., 547 N.E.2d 286, 289, *trans. denied* (under depraved sexual instinct rule, need for distinctive similarity between two acts relaxed because rule recognizes not single criminal plan but disposition or proclivity toward certain sexual conduct *in continuando* in nature such that it is highly probable emotional or mental disposition exhibited with respect to certain acts before continued to time of act charged).

■ Pirnat also argues that even if the evidence regarding M.C.'s molestation was properly admissible, only the conviction was admissible, not M.C.'s testimony relating the details of the molestation. Again, Pirnat is mistaken. On numerous occasions, testimony disclosing the details of previous molestations committed by the defendant have been held admissible. *See, e.g., Wyrick v. State* (1989), Ind., 533 N.E.2d 118, 120–121; *Crabtree,* 547 N.E.2d at 289; *Stephens,* 546 N.E.2d at 1263. Pirnat shows no error.

Affirmed.

BAKER and MILLER, JJ., concur.