Isaac JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A05–9110–CR–00327.

Court of Appeals of Indiana, Fifth District.

Aug. 20, 1992.

Mark A. Armstrong, Hartzog, Barker, Hepler & Saunders, Goshen, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

A jury convicted Isaac Jackson of rape as a Class B felony [1] and criminal deviate conduct as a Class B felony.[2] Jackson raises two issues for our review:

1. Whether the trial court erred in admitting evidence of prior sexual misconduct by Jackson.

2. Whether the trial court erred in admitting hearsay evidence.

We reverse.

On October 26, 1990, Jackson encountered W.H. at a grocery store in Elkhart, Indiana. Jackson asked W.H. if she wanted to "party" with him and she refused; however, Jackson convinced W.H. to drive him to a local bar. When W.H. arrived at the bar Jackson refused to exit the automobile and instead offered W.H. money to perform oral sex on her. W.H. refused and demanded Jackson leave the car. Jackson did not do so and continued talking. In the hopes of getting Jackson out of her car, W.H. agreed to take him home.

W.H. drove to the address given by Jackson. Upon arrival, Jackson again offered to pay W.H. to perform oral sex on her, and then proceeded to fondle W.H.'s breast and to grab between her legs. W.H. pushed Jackson's hand away and he then struck W.H. in the face with his fist. When W.H. began to scream, Jackson struck her again and told her to shut up or he would kill her. Following Jackson's commands, W.H. partially removed her pants and underclothing. Thereafter, Jackson first performed oral sex on W.H. and then had sexual intercourse with her. Afterwards, Jackson threatened to kill W.H. if she reported his assault to the police. W.H. defied Jackson's threat and reported the assault to the Elkhart City Police Department where she was interviewed by Officer Noelle Alwine. At trial, Officer Alwine testified concerning the interview.

In its case-in-chief the State, over Jackson's objection, introduced into evidence the testimony of M.B. concerning an alleged previous assault on her by Jackson. Jackson also testified in his own defense and admitted having sexual intercourse with W.H. but insisted he had paid her money to do so and the sex act was consensual. Jackson denied offering money to W.H. for oral sex and denied that he had performed oral sex on her. Additional facts will be discussed below where relevant.

I.

Jackson claims the trial court erred in permitting M.B. to testify concerning an alleged prior sexual assault. According to Jackson, M.B.'s inadmissible testimony requires reversal of his convictions.

The law in this jurisdiction is well-settled that evidence which shows or tends to show an accused is guilty of other independent and distinct crimes is not admissible as proof of guilt. *Schnee v. State* (1970), 254 Ind. 661, 262 N.E.2d 186. However, evidence of other sexual acts may be admitted into evidence to establish that the defendant has demonstrated a depraved

1. Ind.Code § 35–42–4–1.

2. Ind.Code § 35–42–4–2.

sexual instinct when charges upon which he is being tried involve the same instinct. *Stephens v. State* (1989), Ind.App., 546 N.E.2d 1260, 1263, *trans. denied*, citing *Lawrence v. State* (1984), Ind., 464 N.E.2d 923 (evidence of prior rape conviction admissible in child molest case to show sexually aggressive act accomplished by overpowering and intimidation). The basis for the depraved sexual instinct exception is that in prosecutions for depraved acts, the prosecuting witness is not likely to be believed because the evidence standing alone would appear unnatural or improbable in itself. *Stephens, supra* citing *Grey v. State* (1980), 273 Ind. 439, 446, 404 N.E.2d 1348, 1352.

■ In the case before us, Jackson was charged and convicted of rape as well as criminal deviate conduct. At trial the State offered the testimony of M.B., who had been assaulted by Jackson on a prior occasion and for which assault Jackson pled guilty and was sentenced for the offense of sexual battery. M.B. testified Jackson raped her and she also testified Jackson proposed to pay for performing an act of cunnilingus, that Jackson beat her, placed his finger in her vagina, and threatened her with physical violence. In similar fashion W.H. testified, among other things, Jackson proposed to pay for performing an act of cunnilingus, subdued her with blows to the head, forcibly performed cunnilingus on her and threatened her life.

Both digital penetration and cunnilingus are defined as "deviate sexual conduct," Ind.Code § 35–41–1–9; and where compelled by force constitutes the offense of criminal deviate conduct. *See* I.C. § 35–42–4–2. Here, Jackson's sexual assault against both W.H. and M.B. although not the same act of criminal deviate conduct, nonetheless demonstrates a similar depraved instinct, namely: an offer to perform oral sex for pay accompanied with violence, coercion and intimidation. As we noted in *Stephens, supra*, "Acts used to show depraved sexual instinct need not be identical to the crime charged. It is sufficient if the same or similar sexual instinct is involved." *Id.* 564 N.E.2d at 1263. The

"same or similar sexual instinct" is not a precise term, rather similarity in circumstances may evidence a similar instinct. *Id.* In the case before us, M.B.'s testimony concerning Jackson's criminal deviate conduct was admissible under the depraved sexual instinct exception to bolster W.H.'s testimony concerning that offense.

■ However, M.B.'s testimony was not limited to a description of Jackson's criminal deviate conduct. Rather, M.B. also testified Jackson raped her. Although Jackson admitted having sex with W.H., he contended there was no rape because W.H. consented. In a case of rape, where consent is the only issue, prior incidents of rape may not be placed in evidence. *Ross v. State* (1987), Ind., 516 N.E.2d 61; *Jenkins v. State* (1985), Ind., 474 N.E.2d 84, *reh. denied.* In this case, by allowing the State to introduce evidence that on a prior occasion Jackson raped M.B., the trial court erred. As our supreme court noted in *Brown v. State* (1984), Ind., 459 N.E.2d 376, *reh. denied*, "the fact that one woman was raped ha[s] no tendency to prove that another woman did not consent." *Id.* 459 N.E.2d at 379.

■ When there has been error in the admission of evidence we are required to determine whether or not such error is harmful. If one cannot say with fair assurance, after pondering all that happened, that the judgment was not substantially swayed by the error, or if one is left in grave doubt, then the conviction cannot stand. *Miller v. State* (1982), Ind., 436 N.E.2d 1113, 1114. Here, the verdict was dependent in large measure upon the jury's assessment of the credibility of Jackson and W.H. She said he raped her; he said she consented. She said he performed oral sex on her; he said it never happened. There were no eyewitnesses. Under the circumstances, we cannot say with fair assurance that M.B.'s erroneously admitted testimony did not substantially influence the jury's verdict concerning both offenses. Jackson's conviction for rape as well as criminal deviate conduct is therefore reversed.

## II.

Because the issue may arise on remand, we address Jackson's contention the testimony of Officer Alwine concerning her interview of W.H. amounted to inadmissible testimony. Jackson concedes Alwine's testimony was admissible under the rule of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482; however, he argues the decision in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, the case which repudiated the *Patterson* rule, should control the result in this case. It does not.

In *Modesitt,* our supreme court unequivocally limited its ruling to cases decided after the publication date of the opinion. *See,* also, *Gray v. State* (1991), Ind., 579 N.E.2d 605, *reh. denied,* and *Johnson v. State* (1992), Ind.App., 587 N.E.2d 138. Here, Jackson's trial was completed on June 21, 1991, some three months before the publication of *Modesitt.* Although on remand the rule of *Modesitt* would be applicable, it is not applicable here. The rule of *Patterson* is controlling in this case and the trial court did not err in admitting Officer Alwine's testimony into evidence over Jackson's hearsay objection.

Judgment reversed and cause remanded for new trial.

SHARPNACK and BARTEAU, JJ., concur.